IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENJAMIN WHERRY** )<br>    Plaintiff, )<br>  )<br>           vs. )<br>  )<br>**JAMES SHERMAN, et al.,** )<br>    Defendants. ) | C.A. No. 06-71 E<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's request for temporary injunctive relief [contained within Document # 5] be denied.

**II.    REPORT**

Plaintiff, an inmate at the Federal Correctional Institution at McKean, brings this civil rights action. Plaintiff complains that he and other inmates at FCI McKean are not receiving adequate medical treatment in that there is no medical personnel on staff overnight. Plaintiff requests that this Court order the Bureau of Prisons to place medical personnel on duty at McKean at all times.

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. <u>Fink v. Supreme Court of Pennsylvania</u>, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. <u>Clean Ocean Action v. York</u>, 57 F.3d 328, 331 (3d Cir. 1995); <u>Opticians Ass'n of America v. Independent Opticians of America</u>, 920 F.2d 187, 191-92 (3d Cir.

1990).  The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

Plaintiff's likelihood of success on the merits of this issue is limited. This Court liberally construes Plaintiff's claim as a deliberate indifference claim under the Eighth Amendment's prohibition against cruel and unusual punishment. The general standard for a §1983 deliberate indifference claim made against a prison official is set forth in Farmer v. Brennan, 511 U.S. 825 (1994), which focuses on what the prison official actually knew: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and *disregards an excessive risk to inmate health or safety.*" Id. at 837 (emphasis added). "In the context of a deliberate indifference claim based on failure to provide adequate medical treatment, it is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not

2

constitute deliberate indifference." <u>Singletary v. Pennsylvania Dept of Corrections</u>, 266 F.3d 186, 193 (3d Cir. 2001).  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  <u>Estelle v. Gamble,</u> 429 U.S. 97, 105 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  Additionally, a federal court should refrain from interfering in the day to day affairs of prison management and so an order by this Court directing that Bureau of Prisons provide medical staff to prison inmates twenty-four hours a day seems inappropriate at this initial juncture.  <u>Johnson v. California</u>, 543 U.S. 499, 530 (2005) ("[E]xperienced prison administrators, and not judges, are in the best position to supervise the daily operations of prisons across this country."); <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119 (1977) (courts must give "appropriate deference to the decisions of prison administrators").

       Plaintiff's request for Temporary Restraining Order should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

<u>S/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
CHIEF UNITED STATES MAGISTRATE JUDGE

Date:   April 28, 2006